Lita Beth Wright (LW 0442)
STORCH AMINI & MUNVES PC
Two Grand Central Tower
140 East 45th Street, 25th Floor
New York, NY 10017
(212) 490-4100
Attorneys for Defendant Target Corporation

OF COUNSEL:
Kenneth A. Liebman (MN # 236731)
James R. Steffen (MN # 204717)
Matthew A. Stump (MN # 387623)
FAEGRE & BENSON LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN  55402
(612) 766-7000

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MITSUBISHI ELECTRIC CORPORATION, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>TARGET CORPORATION, et al.,<br><br>        Defendants. | 08 Civ. 03689 (SCR)<br><br>ECF CASE<br><br>**ANSWER OF TARGET CORPORATION TO PLAINTIFFS' ORIGINAL COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Defendant Target Corporation ("Target") files this Answer to the Complaint For Patent Infringement ("the Complaint") filed by Plaintiffs Mitsubishi Electric Corporation, Samsung Electronics Co., Ltd., Thomson Licensing, Koninklijke Philips Electronics, N.V., U.S. Philips Corporation, and The Trustees of Columbia University in the City of New York. ("Plaintiffs").

Except as hereinafter admitted, qualified or otherwise answered, Target denies each and every allegation set forth in the Complaint.

In addition to its Answer, Target asserts defenses, denying infringement of any valid and enforceable claim of U.S. Patent No. 5,072,295 ("the '295 Patent"), U.S. Patent No. 5,990,960 ("the '960 Patent"), U.S. Patent No. 6,097,759 ("the '759 Patent"), U.S. Patent No. 5,654,706 ("the '706 Patent"), U.S. Patent No. 6,680,975 ("the '975 Patent"), U.S. Patent No. 5,422,676 ("the '676 Patent"), U.S. Patent No. 7,020,204 ("the '204 Patent"), U.S. Patent No. 5,606,539 ("the '539 Patent"), U.S. Patent No. 5,844,867 ("the '867 Patent"), and U.S. Patent Reissue No. 35,093 ("the '093 Patent") (together, "the Patents-in-Suit").

## **SUMMARY OF CLAIMS**

1.      Target admits that the Complaint purports to state a claim for patent infringement. Target lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 1 of the Complaint, and therefore denies them.

2.      Target lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 2 of the Complaint, and therefore denies them.

3.      Target lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 3 of the Complaint, and therefore denies them.

4.      Target lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 4 of the Complaint, and therefore denies them.

5.      Target admits that it sells products, including televisions with digital tuners, DVD players, and other consumer electronics, under the TruTech® ("TruTech") brand name. Target denies that it requests any vendors to manufacture and produce unlicensed products for sale by

Target. Target lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 5 of the Complaint, and therefore denies them.

6. Target admits that it sells TruTech products identified in Paragraph 6 of the Complaint. Target denies that it has infringed any of the Patents-in-Suit. Unless expressly admitted, Target denies the allegations set forth in Paragraph 6 of the Complaint.

7. Target admits that it sells in the United States and within this District products under the TruTech brand name, including televisions with digital tuners, DVD players, and other consumer electronics. Target denies that it is infringing any of the Patents-in-Suit. Target lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 7 of the Complaint, and therefore denies them.

8. Target admits that it has received communications from MPEG-LA offering a license of a "MPEG-2" patent portfolio. Target admits that it has not entered into any license with any Plaintiff or with MPEG-LA. Unless expressly admitted, Target lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 8 of the Complaint, and therefore denies them.

9. Target lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 9 of the Complaint, and therefore denies them.

10. Target lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 10 of the Complaint, and therefore denies them.

11. Target lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 11 of the Complaint, and therefore denies them.

12. Target lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 12 of the Complaint, and therefore denies them.

## JURISDICTION AND VENUE

13. Target admits the allegations of the first three sentences of Paragraph 13 of the Complaint. Target denies the allegations set forth in the final sentence of Paragraph 13 of the Complaint.

14. Target lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 14 of the Complaint.

## THE PARTIES

15. Target lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 15 of the Complaint, and therefore denies them.

16. Target lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 16 of the Complaint, and therefore denies them.

17. Target lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 17 of the Complaint, and therefore denies them.

18. Target lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 18 of the Complaint, and therefore denies them.

19. Target lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 19 of the Complaint, and therefore denies them.

20. Target lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 20 of the Complaint, and therefore denies them.

21. Target admits the allegations contained in Paragraph 21 of the Complaint.

22. Target lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 22 of the Complaint, and therefore denies them.

**DEFENDANTS' ALLEGED INFRINGEMENT**

23.     Target admits that it sells consumer electronics under the TruTech brand name and under various third-party brand names.  Target denies infringement of the Patents-in-Suit.  Unless expressly admitted, Target lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 23 of the Complaint, and therefore denies them.

24.     Target admits that Target does not manufacture the televisions with digital tuners, DVD players, and other consumer electronics Target sells under the TruTech brand in the United States and within this District.  Target admits that MPEG-LA has approached Target, and admits that Target conveyed to MPEG-LA Target's understanding that Target vendors had paid royalties to MPEG-LA.  Target admits upon information and belief that Target did not present MPEG-LA with evidence of the vendors' payment of royalties.  Unless expressly admitted, Target denies the allegations set forth in Paragraph 24 of the Complaint upon information and belief.

25.     Target admits that it sells televisions with digital tuners, DVD players, and other consumer electronics under the TruTech brand name through Target's website at www.target.comonline store and in retail stores in the United States, including retail stores located in this District.  Target denies that it sells products which infringe any of the Patents-in-Suit.  Unless expressly admitted, Target denies the allegations set forth in Paragraph 25 of the Complaint.

26.     Target denies the allegations set forth in Paragraph 26 of the Complaint.

27.     Answering Paragraph 27 of the Complaint, Target admits that it describes and advertises TruTech branded televisions with digital tuners, DVD players, and other consumer electronics on the Internet and in newspaper inserts.

28. Target denies the allegations set forth in the first sentence of Paragraph 28 of the Complaint.  Target lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in the second sentence of Paragraph 28 of the Complaint, and therefore denies the same.

29. Target denies the allegations set forth in Paragraph 29 of the Complaint.

30. Target admits that MPEG-LA has offered a license to Target.  Unless expressly admitted, Target denies the allegations set forth in the first three sentences of Paragraph 30 of the Complaint.  Target lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in the final sentence of Paragraph 30 of the Complaint, and therefore denies the same.

31. Target admits that it has since prior to the time the action was filed communicated with MPEG-LA concerning matters related to the MPEG-2 patent portfolio.  Unless expressly admitted, Target denies the allegations set forth in Paragraph 31 of the Complaint.

32. Target denies the allegations set forth in Paragraph 32 of the Complaint.

## FIRST CAUSE OF ACTION

33. Target's responses contained in paragraphs 1 through 32 above are repeated as if fully set forth herein.

34. Target lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 34 of the Complaint and therefore denies them.

35. Target denies the allegations contained in Paragraph 35 of the Complaint as to Target.  To the extent the allegations of Paragraph 35 of the Complaint relate solely to another defendant, Target lacks sufficient information to form a belief as to the truth or falsity of those allegations and therefore denies them.

36. Target denies the allegations contained in Paragraph 36 of the Complaint as to Target. To the extent the allegations of Paragraph 36 of the Complaint relate solely to another defendant, Target lacks sufficient information to form a belief as to the truth or falsity of those allegations and therefore denies them.

## SECOND CAUSE OF ACTION

37. Target's responses contained in paragraphs 1 through 32 above are repeated as if fully set forth herein.

38. Target lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 38 of the Complaint and therefore denies them.

39. Target denies the allegations contained in Paragraph 39 of the Complaint as to Target. To the extent the allegations of Paragraph 39 of the Complaint relate solely to another defendant, Target lacks sufficient information to form a belief as to the truth or falsity of those allegations and therefore denies them.

40. Target denies the allegations contained in Paragraph 40 of the Complaint as to Target. To the extent the allegations of Paragraph 40 of the Complaint relate solely to another defendant, Target lacks sufficient information to form a belief as to the truth or falsity of those allegations and therefore denies them.

## THIRD CAUSE OF ACTION

41. Target's responses contained in paragraphs 1 through 32 above are repeated as if fully set forth herein.

42 Target lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 42 of the Complaint and therefore denies them.

43. Target denies the allegations contained in Paragraph 43 of the Complaint as to Target. To the extent the allegations of Paragraph 43 of the Complaint relate solely to another defendant, Target lacks sufficient information to form a belief as to the truth or falsity of those allegations and therefore denies them.

44. Target denies the allegations contained in Paragraph 44 of the Complaint as to Target. To the extent the allegations of Paragraph 44 of the Complaint relate solely to another defendant, Target lacks sufficient information to form a belief as to the truth or falsity of those allegations and therefore denies them.

## **FOURTH CAUSE OF ACTION**

45. Target's responses contained in paragraphs 1 through 32 above are repeated as if fully set forth herein.

46. Target lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 46 of the Complaint and therefore denies them.

47. Target denies the allegations contained in Paragraph 47 of the Complaint as to Target. To the extent the allegations of Paragraph 47 of the Complaint relate solely to another defendant, Target lacks sufficient information to form a belief as to the truth or falsity of those allegations and therefore denies them.

48. Target denies the allegations contained in Paragraph 48 of the Complaint as to Target. To the extent the allegations of Paragraph 48 of the Complaint relate solely to another defendant, Target lacks sufficient information to form a belief as to the truth or falsity of those allegations and therefore denies them.

## FIFTH CAUSE OF ACTION

49. Target's responses contained in paragraphs 1 through 32 above are repeated as if fully set forth herein.

50. Target lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 50 of the Complaint and therefore denies them.

51. Target denies the allegations contained in Paragraph 51 of the Complaint as to Target. To the extent the allegations of Paragraph 51 of the Complaint relate solely to another defendant, Target lacks sufficient information to form a belief as to the truth or falsity of those allegations and therefore denies them.

52. Target denies the allegations contained in Paragraph 52 of the Complaint as to Target. To the extent the allegations of Paragraph 52 of the Complaint relate solely to another defendant, Target lacks sufficient information to form a belief as to the truth or falsity of those allegations and therefore denies them.

## SIXTH CAUSE OF ACTION

53. Target's responses contained in paragraphs 1 through 32 above are repeated as if fully set forth herein.

54. Target lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 54 of the Complaint and therefore denies them.

55. Target denies the allegations contained in Paragraph 55 of the Complaint as to Target. To the extent the allegations of Paragraph 55 of the Complaint relate solely to another defendant, Target lacks sufficient information to form a belief as to the truth or falsity of those allegations and therefore denies them.

56. Target denies the allegations contained in Paragraph 56 of the Complaint as to Target. To the extent the allegations of Paragraph 56 of the Complaint relate solely to another defendant, Target lacks sufficient information to form a belief as to the truth or falsity of those allegations and therefore denies them.

### SEVENTH CAUSE OF ACTION

57. Target's responses contained in paragraphs 1 through 32 above are repeated as if fully set forth herein.

58. Target lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 58 of the Complaint and therefore denies them.

59. Target denies the allegations contained in Paragraph 59 of the Complaint as to Target. To the extent the allegations of Paragraph 59 of the Complaint relate solely to another defendant, Target lacks sufficient information to form a belief as to the truth or falsity of those allegations and therefore denies them.

60. Target denies the allegations contained in Paragraph 60 of the Complaint as to Target. To the extent the allegations of Paragraph 60 of the Complaint relate solely to another defendant, Target lacks sufficient information to form a belief as to the truth or falsity of those allegations and therefore denies them.

### EIGHTH CAUSE OF ACTION

61. Target's responses contained in paragraphs 1 through 32 above are repeated as if fully set forth herein.

62. Target lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 62 of the Complaint and therefore denies them.

63. Target denies the allegations contained in Paragraph 63 of the Complaint as to Target. To the extent the allegations of Paragraph 63 of the Complaint relate solely to another defendant, Target lacks sufficient information to form a belief as to the truth or falsity of those allegations and therefore denies them.

64. Target denies the allegations contained in Paragraph 64 of the Complaint as to Target. To the extent the allegations of Paragraph 64 of the Complaint relate solely to another defendant, Target lacks sufficient information to form a belief as to the truth or falsity of those allegations and therefore denies them.

## NINTH CAUSE OF ACTION

65. Target's responses contained in paragraphs 1 through 32 above are repeated as if fully set forth herein.

66. Target lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 66 of the Complaint and therefore denies them.

67. Target denies the allegations contained in Paragraph 67 of the Complaint as to Target. To the extent the allegations of Paragraph 67 of the Complaint relate solely to another defendant, Target lacks sufficient information to form a belief as to the truth or falsity of those allegations and therefore denies them.

68. Target denies the allegations contained in Paragraph 68 of the Complaint as to Target. To the extent the allegations of Paragraph 68 of the Complaint relate solely to another defendant, Target lacks sufficient information to form a belief as to the truth or falsity of those allegations and therefore denies them.

**TENTH CAUSE OF ACTION**

69. Target's responses contained in paragraphs 1 through 32 above are repeated as if fully set forth herein.

70. Target lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 70 of the Complaint and therefore denies them.

71. Target denies the allegations contained in Paragraph 71 of the Complaint as to Target. To the extent the allegations of Paragraph 71 of the Complaint relate solely to another defendant, Target lacks sufficient information to form a belief as to the truth or falsity of those allegations and therefore denies them.

72. Target denies the allegations contained in Paragraph 72 of the Complaint as to Target. To the extent the allegations of Paragraph 72 of the Complaint relate solely to another defendant, Target lacks sufficient information to form a belief as to the truth or falsity of those allegations and therefore denies them.

**PLAINTIFFS' DEMAND**

Target denies that Plaintiffs are entitled to be awarded any of the relief sought in Paragraphs 1-5 of its demand for judgment against Target. Plaintiffs' demand with regard to Target should, therefore, be denied in its entirety and with prejudice, and Plaintiffs should take nothing. With respect to the other defendants, Target lacks sufficient information to form a belief as to whether Plaintiffs are entitled to the relief sought or any relief whatsoever.

**AFFIRMATIVE DEFENSES**

Target asserts the following defenses to the Complaint:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state facts sufficient to state a cause of action and fails to state any claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Complaint fails to identify the particular patent claims that Target is alleged to infringe, and it also appears not to identify all allegedly infringing products sold by Target. Upon a reasonable opportunity for further investigation or discovery, Target believes that it will likely have evidentiary support that it does not and has not infringed (literally or by equivalents), contributed to the infringement of, or induced infringement of any valid claims of the '295 Patent, the '960 Patent, the '759 Patent, the '706 Patent, the '975 Patent, the '676 Patent, the '204 Patent, the '539 Patent, the '867 Patent, or the '093 Patent.

### THIRD AFFIRMATIVE DEFENSE

One or more claims of one or more of the asserted patents are invalid because they fail to satisfy one or more of the conditions for patentability specified in Title 35 of the United States Code, including, *inter alia,* §§ 101, 102, 103, and/or 112.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to damages or royalties from Target because manufacturers, vendors, and/or suppliers of televisions with digital tuners, DVD players, and DVD recorders sold by Target under the TruTech brand name and under third-party brand names hold licenses with Plaintiffs and/or MPEG-LA and have paid or are required to pay the applicable royalties.

### JURY DEMAND

Target demands a jury trial on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Target respectfully prays that this Court:

A.    Dismiss with prejudice the Complaint in its entirety;

B.    Adjudge, declare, and decree that Target has not infringed, and is not infringing any valid claim of the '295 Patent, the '960 Patent, the '759 Patent, the '706 Patent, the '975 Patent, the '676 Patent, the '204 Patent, the '539 Patent, the '867 Patent, or the '093 Patent;

C.    Adjudge, declare, and decree that Target has not induced, and is not inducing, infringement of any valid claim of the '295 Patent, the '960 Patent, the '759 Patent, the '706 Patent, the '975 Patent, the '676 Patent, the '204 Patent, the '539 Patent, the '867 Patent, or the '093 Patent;

D.    Adjudge, declare, and decree that Target has not contributed to, and is not contributing to, the infringement of any valid claim of the '295 Patent, the '960 Patent, the '759 Patent, the '706 Patent, the '975 Patent, the '676 Patent, the '204 Patent, the '539 Patent, the '867 Patent, or the '093 Patent;

E.    Adjudge, declare, and decree that all of the claims of the '295 Patent, the '960 Patent, the '759 Patent, the '706 Patent, the '975 Patent, the '676 Patent, the '204 Patent, the '539 Patent, the '867 Patent, or the '093 Patent are invalid;

F.    Adjudge, declare, and decree that no damages or royalties are due or owing by Target for any of the acts alleged by Plaintiffs in the Complaint;

G.    Judgment be entered in favor of Target and against Plaintiffs that this is an exceptional case and awarding Target its attorneys' fees and costs under 35 U.S.C. § 285; and

H.    Award to Target any other relief to which Target is entitled.

| | |
|---|---|
| Dated: New York, New York<br>May 28, 2008 | STORCH AMINI & MUNVES P.C.<br><br>/S/ Lita Beth Wright<br>Lita Beth Wright (LW 0442)<br>Two Grand Central Tower<br>140 East 45th Street, 25 Floor<br>New York, New York 10017<br>Telephone (212) 490-4100<br>Fax (212) 490-4208 |
| OF COUNSEL:<br>Kenneth A. Liebman (MN Bar 236731)<br>James R. Steffen (MN Bar 204717)<br>Matthew A. Stump (MN Bar 387623)<br>FAEGRE & BENSON LLP<br>2200 Wells Fargo Center<br>90 South Seventh Street<br>Minneapolis, Minnesota 55402<br>Telephone (612) 766-7000<br>Fax (612) 766-1600 | **Attorneys for Defendant**<br>**Target Corporation** |

fb.us.2916485.02